(No. 87-CC-0051—)

JOHN THREZZY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 23, 1988.*

JOHN THREZZY, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

Claimant in this case is a resident of the Illinois Department of Corrections and seeks recovery for personal property lost during a prison transfer.

Claimant alleges that on or about August 30, 1984, he was ordered to be transferred from Menard Prison to the Cook County Correctional Center. He stated he was subsequently transferred to the Shawnee Correctional Center and lost personal property outlined in his complaint with a value of $888.02.

At a hearing on this case before a Commissioner of this Court, the Claimant testified that his loss of property occurred during the transfer. The Claimant produced a personal property inventory record dated July 26, 1985, which Claimant stated set forth all the property for which he is seeking a recovery. Claimant stated that he had lost all the property inventoried on the sheet dated July 26, 1985, and never recovered any of his property from anyone. He further claimed that none of the property was replaced by the Department of Corrections.

The Claimant testified that the personal property inventory previously referred to dated July 26, 1985, was prepared at Joliet when he was scheduled to be transferred from Joliet to Menard. When he arrived at Menard, he claimed he got a box of personal property which was not his. In the box was the inventory to which the Claimant already referred. Claimant made a copy of

the inventory for an agent of the Respondent. Respondent then made a search for the property and was unsuccessful in obtaining its return. Claimant was transferred to the Shawnee Correctional Center on September 12, 1985.

The Claimant said that the value he stated for the property lost was established on the basis of cost. The Claimant offered into evidence an affidavit of inmate Edward Wegman, and the Respondent made no objection. Wegman's affidavit stated that in August 1984 when the Claimant left Menard on a writ to the Cook County jail, Claimant left all his personal items and the State issued items in his cell at Menard. The affidavit went on to state that gang members looted the Claimant's belongings. Wegman's affidavit concluded by stating that he (Wegman) had "* * * gathered what few remaining items Mr. Threzzy had left and placed in the shoe box which I sent to the personal property department."

Claimant also offered into consideration a certain confidential memo of the Institutional Inquiry Board dated December 1985. This memo concerned a meeting of the Inquiry Board held on November 26, 1985, concerning the Claimant's loss of personal property. That report characterized the Claimant's statement before the Inquiry Board as follows:

"Inmate states when he was transferred here from Joliet Correctional Center that his property did not come with him."

Minutes of a later meeting of the Administrative Review Board held on April 2, 1986, concerning Claimant's grievance regarding the loss of his personal property characterized the Claimant's statement to the Administrative Review Board as follows:

Inmate Threzzy (Claimant) indicated that the property was lost when he transferred from Menard to Shawnee Correctional Center on approximately August 14, 1985."

Those minutes of the Administrative Review Board went on to indicate as follows:

"The Panel reviewed a personal property inventory dated July 26, 1985, prepared upon his return from Writ from Cook County which indicates Inmate Threzzy (Claimant) kept the alleged missing items with him. The personal property inventory dated August 13, 1985, indicating packed (*sic*) at Joliet for transfer to Menard does not indicate the above items. The transfer occurred on August 14, 1985. The Panel verified that Inmate Threzzy (Claimant) went out on Writ on August 30, 1984, and returned from Cook County to the Joliet Correctional Center on July 26, 1985."

The Administrative Review Board meeting report concluded that the Claimant's property had been returned to him. It further concluded that staff negligence had not been substantiated.

In the present case there was simply no convincing evidence that the Claimant's property had been placed in the possession of the Respondent. There was further no direct evidence of the Respondent's negligence. Accordingly, the burden of going forward with the evidence with due care never shifted from the Claimant to the Respondent. Thus, there being no direct evidence of the Respondent's negligence,

We will deny this claim.